Filed 6/11/15  P. v. Tyler CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C077184 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 09F7289 & 09F2587) |
| v. | |
| LLOYD EDWARD TYLER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Lloyd Edward Tyler has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

BACKGROUND

On September 29, 2009, California Highway Patrol Officer Tim Larios stopped the vehicle defendant was driving because the vehicle had expired registration tags. Defendant also was driving the vehicle with a suspended license.  Officer Larios also

1

noticed a strong odor of marijuana emanating from the vehicle. A search of the vehicle revealed 2,713 grams of marijuana. Defendant was arrested and charged in Shasta County Superior Court case No. 09F7289 (7289) with numerous felonies including possessing marijuana for sale. (Health & Saf. Code, § 11359.) The People also alleged defendant was previously convicted of a strike offense. (Pen. Code, § 1170.12, subds. (a) - (d).)[1] Defendant pleaded not guilty to all charges, denied the strike allegation, and was released on his own recognizance.

On June 18, 2010, defendant failed to appear at a trial readiness hearing in case No. 7289. Accordingly, the trial court revoked its own recognizance release and issued an arrest warrant. The People subsequently charged defendant in Shasta County Superior Court, case No. 12F2587 (2587) with failing to appear in case No. 7289. (§ 1320, subd. (b).) The People further alleged defendant committed his crime while released on his recognizance (§ 12022.1) and was previously convicted of a strike offense. (§ 1170.12, subds. (a) - (d).)

In May 2012, in case No. 7289, defendant pleaded no contest to possessing marijuana for sale and admitted being previously convicted of a strike offense; however, defendant also reserved his right to file a *Romero*[2] motion. The remaining charges were dismissed along with four, unrelated misdemeanor charges. Defendant failed to appear at the scheduled hearing for judgment and sentencing in that case.

Then, in April 2014, defendant pleaded no contest to the charged count of failing to appear in case No. 2587, and admitted to committing that offense while on bail. Both cases were referred to probation for a report and recommendation.

---

**1**      Undesignated statutory references are to the Penal Code.

**2**      *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

On August 11, 2014, the trial court granted the *Romero* motion, striking defendant's prior conviction, and sentenced defendant to an aggregate term of five years eight months in state prison. The court also imposed various fines and fees and awarded defendant 336 days of custody credit. Defendant appeals without a certificate of probable cause.

## DISCUSSION

Counsel filed an opening brief setting forth the facts of the case and asks us to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

      NICHOLSON    , Acting P. J.

We concur:

    ROBIE    , J.

    MURRAY    , J.